UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAREN M. TAYLOR, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) | No. | 3:24-CV-130-KAC-JEM |
| STACY OAKES, MICHAEL PARRIS, and BRANDON EVANS, | ) ) ) ) |  |  |
| Defendants. | ) ) |  |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction housed in the Morgan County Correctional Complex ("MCCX"), filed a (1) pro se complaint for violation of 42 U.S.C. § 1983 arising out of incidents during his confinement [Doc. 2], (2) motion for leave to proceed *in forma pauperis* [Doc. 1], (3) inmate trust account statement [Doc. 5], and (4) motion to appoint counsel [Doc. 7]. For the reasons below, the Court (1) **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], (2) **DENIES** the motion to appoint counsel [Doc. 7], and (3) **DISMISSES** the Complaint for failure to state a claim.

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and inmate trust account statement [Docs. 1, 5] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District

Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint counsel for him [Doc. 7]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But "[a]ppointment of counsel in a civil case is not a constitutional right;" it is a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exist based on the type and complexity of the case and the plaintiff's ability to represent himself. *Id*. at 606; *see also Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

Here, in support of his request for appointed counsel, Plaintiff states that (1) "[he] is unable to afford counsel;" (2) "[his] imprisonment will greatly limit his ability to litigate" the case; (3) he has "limited knowledge of the law;" (4) counsel would better represent him at any trial; and (5) he has been unsuccessful in securing counsel with the assistance of his mother [*See* Doc. 7 at 1-2]. But this case is not legally or factually complex. And it is apparent from Plaintiff's filings that he is able to present his claims. Also, Plaintiff's allegations regarding his incarceration, lack of legal training, and lack of counsel are typical, not exceptional. Because Plaintiff has not demonstrated exceptional circumstances, the Court **DENIES** his motion to appoint counsel [Doc. 7].

### III. SCREENING OF COMPLAINT

#### A. Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal] Rule [of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. The Supreme Court has instructed that a district court should liberally

construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Background**

Plaintiff seeks relief for violations of his First Amendment rights, including his right to be free from retaliation [Doc. 2 at 3]. Plaintiff states that (1) Defendant Oakes, Assistant Warden of Treatment, deprived him of his First Amendment rights and subjected him to retaliation; (2) Defendant Paris was the MCCX Warden at all times relevant to his complaint; and (3) Defendant Evans was the MCCX Grievance Chairperson at all times relevant [*Id.* at 4].

Plaintiff specifically alleges that Defendant Oakes asked Plaintiff if Plaintiff said something and Plaintiff said no, but Defendant Oakes told other officers to write Plaintiff up for defiance because Plaintiff had threatened Defendant Oakes [*Id.* at 4]. Plaintiff, however, asserts that this write up was "false and retaliation for" Plaintiff's "numerous complaints filed" [*Id.*]. Plaintiff also claims that, several months later, Defendant Oakes had subordinates take Plaintiff's things from his cell and person, leaving Plaintiff with just a paper gown even though he had not violated any policy [*Id.*]. But Plaintiff refused this sanction, which policy allowed him to do [*Id.*].

Plaintiff alleges that Defendants Parris and Evans did not respond to Plaintiff's grievances [*Id.*].

Plaintiff sued Defendants Oakes, Parris, and Evans [*Id.* at 1-3]. Plaintiff requests a preliminary injunction and punitive and nominal damages, as well as "any other relief the Court may deem just and proper" [*Id.* at 5].

C.   Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. *See* 42 U.S.C. § 1983. Liberally construing the Complaint in Plaintiff's favor, he fails to state a claim against any Defendant.

Starting with Defendants Parris and Evans, Plaintiff's allegation that they failed to respond to his grievances does not state a Section 1983 claim. Plaintiff does not have a constitutional right to an effective grievance procedure. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). Therefore, even if Defendants Parris and Evans failed to respond to his grievances, Plaintiff has not been deprived of a federal right. *See id.*

Moving to Defendant Oakes, Plaintiff's allegations that he (1) subjected Plaintiff to a write up based on a false allegation and (2) had Plaintiff's property taken from him[1] even though he had not violated any policy also fail to allege a constitutional violation. Inmates do not have the right to be free from charges or convictions of prison disciplinary offenses. *See Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). And even "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently

---

[1] It does not appear that Plaintiff seeks relief based on the deprivation of his property. But to the extent he does, this allegation likewise fails to state a claim upon which relief may be granted under Section 1983. The Supreme Court has held that a state employee does not violate a prisoner's right to due process when he randomly deprives an individual of property if the state provides a meaningful post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). And Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate to remedy the alleged taking of his property, as required to state a plausible constitutional claim arising out of any taking. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004); *see also Person v. Campbell*, No. 98–5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitution a constitutional violation redressable under § 1983."). Plaintiff has not alleged that the process to adjudicate these allegedly false allegations and subsequent actions was deficient or unavailable [*See* Doc. 2].

Further, Plaintiff's assertion that Defendant Oakes's act of telling other officers to write him up was due to his "complaints" and therefore amounted to retaliation is conclusory and therefore fails to state a claim. To state a retaliation claim, Plaintiff must adequately allege that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

Plaintiff baldly asserts that Defendant Oakes told other officers to write Plaintiff up due to Plaintiff's "complaints" [*Id.* at 4]. However, Plaintiff does not state when he filed those complaints or set forth any facts indicating that Defendant Oakes knew of any complaint Plaintiff filed. Nor does Plaintiff provide other facts from which the Court could plausibly infer that Plaintiff's act of filing these complaints motivated Defendant Oakes's actions. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Quisenberry v. Valentine*, No. 3:23-CV-P393-JHM, 2024 WL 1261911, at *2, 5 (W.D. Ky. Mar. 25, 2024) (concluding that the plaintiff's assertion that a

6

defendant housed a dangerous inmate near him "because I filed grievance" was conclusory and therefore did not state a plausible Section 1983 retaliation claim). As such, Plaintiff's complaint fails to state a claim for retaliation against Defendant Oakes[2] under Section 1983.

Because the Complaint fails to state a plausible claim against any Defendant, the Court **DISMISSES** this action.

IV. **CONCLUSION**

As set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed in forma pauperis [Doc. 1];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DENIED** Plaintiff's motion to appoint counsel [Doc. 7];

6. Even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under Section 1983; and

7. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[2] To the extent that the Complaint could be read to raise a claim against Defendant Parris for "Allowing These Things To Go On," [*see* Doc. 2 at 5], that claim fails. "It is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior." *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (cleaned up). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate" who allegedly violated the Constitution. *Id.* (citation omitted). Moreover, there are no facts in the Complaint alleging that Defendant Parris "either encouraged the specific incident of misconduct or in some way directly participated in it." *See id.* at 242 (citation omitted) (a "supervisory official's failure to supervise" is "not actionable [under Section 1983] unless the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it.").

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge